Howard A. Zeller, J.
Petitioner, Raymond C. Farrell, brings this CPLR article 78 proceeding in the nature of mandamus pursuant to the Freedom of Information Law (Public Officers Law, art 6, eff Sept. 1, 1974) seeking the release to him of "all or a part of an 18 page report concerning an investigation last October, 1974 into alleged wrong doing involving on duty employment of several Johnson City Police Officers by the O’Connell Electric Company of Rochester, New York”.
On October 3, 1974 Mr. Farrell complained to the Chief of Police of the Village of Johnson City that certain police officers while on duty had performedjservices for compensation on private construction sites. The chief of police immediately investigated the charges and shortly thereafter filed a report with the Mayor and the Trustees of the Village of Johnson City.
In July, 1975 Mr. Farrell wrote asking that the report be furnished to him. The request was received by the village clerk who is also the Records Access Officer of the Village of Johnson City. Pursuant to the regulations relating to access of public records adopted by the village board of trustees in October, 1974 the records access officer conferred with the Village Attorney who ruled the report should not be released.
Mr. Farrell appealed the ruling to the village board which considered the matter at a regular meeting on July 21, 1975 during which the Village Attorney gave his reasons for the ruling. He stated that the situation arose during the implementation of the T.O.P.I.C. Program when off-duty police officers who were hired by a contractor performing work for the State of New York were to go to the construction sites at periodic times to check on the equipment; and that between June 12, 1974 and October 1, 1974 there were 249 individual checks of the system made. He further stated "On five occasions, as a result I understand of the particular police officer having other duties connected with his function as a police officer which made him put in overtime, he failed and neglected to check in at these sites and as a result, he subsequently on village time while operating as a Police Officer, went to these sites in the Village of Johnson City and turned the switch.”
The Village Attorney expressed the following opinion: "I feel that this is internal, privileged information and that it should not, would not, and does not serve the public good to *127 reveal the names of the officers or the complete manner of the investigation”. The village board refused to release the report and this proceeding ensued.
Subdivision 1 of section 88 of the Public Officers Law provides in part:
"1. Each agency, in accordance with its published rules, shall make available for public inspection and copying:
"a. final opinions * * * as well as orders, made in the adjudication of cases;
"b. those statements of policy and interpretations which have been adopted by the agency * * *
"c. minutes of meetings of the governing body, if any, of the agency and of public hearings held by the agency;
"d. internal or external audits and statistical or factual tabulations made by or for the agency;
"e. administrative staff manuals and instruction to staff that affect members of the public;
"f. police blotters and booking records;
"g. an itemized record setting forth name, address, title, and salary of every officer or employee of an agency * * * and "(h) final determinations and dissenting opinions of members of the governing body, if any, of the agency; and
"i. any other files, records, papers or documents required by any other provision of law to be made available for public inspection and copying.”
Subdivision 3 authorizes an agency or municipality to delete identifying details when making records available "to prevent an unwarranted invasion of personal privacy” which includes but is not limited to: "e. Disclosure of items of a personal nature when disclosure would result in economic or personal hardship to the subject party and such records are not relevant or essential to the ordinary work of the agency or municipality.”
Subdivision 7 provides, in part:
"7. Notwithstanding the provisions of subdivision one of this section, this article shall not apply to information that is: * * *
"c. if disclosed, an unwarranted invasion of personal privacy, pursuant to the standards of subdivision three of this section.
*128 "d. part of investigatory files compiled for law enforcement purposes.”
Most of the 18-page report consists of investigatory matters compiled for law enforcement purposes. The Legislature specifically exempted such matters from disclosure. Investigatory files are apt to consist of remarks, gossip, guesses, impressions, hearsay, relevant information, irrelevant information, comments, surmises, data and facts. The Legislature decided it would be best not to have such medley of matters disclosed.
The report also contains written reprimands of three police officers each dated October 4, 1974 and signed by the chief of police. A copy of each was sent to the Mayor and trustees and to the Village Attorney. To disclose these will not result in an unwarranted invasion of personal privacy; they are "relevant —to the ordinary work of the — municipality”. In effect, they are "final opinions” and "final determinations” which the Legislature directed be made available for public inspection. Disclosure, of course, will reveal the names of the police officers who were reprimanded but also let it be known, by implication, which others were not censured. Disclosure of the written reprimands will not harm the overall public interest.
It may be that the Freedom of Information Law has not abolished the common-law privilege for official information. Such common-law privilege attaches to "confidential communications between public officers, and to public officers, in the performance of their duties, where the public interest requires that such confidential communications or the sources should not be divulged.” (People v Keating, 286 App Div 150, 153.) "The hallmark of this privilege is that it is applicable when the public interest would be harmed if the material were to lose its cloak of confidentiality.” (Cirale v 80 Pine St. Corp., 35 NY2d 113, 117.) As noted before, public interest will not be harmed by disclosure of the written reprimands.
Petitioner is entitled to a judgment directing the board of trustees to make available for public inspection and copying the three written reprimands dated October 4,1974.