Marshall E. Livingston, J.
Petitioner, pursuant to the New York Freedom of Information Law (Public Officers Law, § 85 et seq.), brings on this application under CPLR article 78 to set aside the determination of the respondents denying its request to be supplied, pursuant to section 88 (subd 1, par g) of said law, with copies of the names, job titles and salary levels of Monroe County employees laid off as the result of budget cuts during January of 1977.
Respondents have cross-moved to dismiss the petitioner’s application. Respondents’ motion is granted, and the petition is dismissed.
Petitioner asserts that respondents’ decision to deny the information requested constitutes a failure by them "to perform a duty enjoined upon them by law, was in excess of their jurisdiction, was made in violation of lawful procedure, was affected by an error of law, was an abuse of discretion, and was arbitrary and capricious”.
On the other hand, respondents counter with the claim that the determination not to furnish the names of the terminated employees by the county’s Records Access Officer Lapple (RAO) was reasonable and within his discretionary powers, as exceptions to disclosure set forth in both the Monroe County Freedom of Information Regulations (FOI Regs) and subdivision 3 of section 88 of the Public Officers Law.
The Monroe County Freedom of Information Regulations enacted pursuant to Public Officers Law (§ 85 et seq.) provide in part as follows:
"§ 6. Prevention of invasions of privacy. In accordance with the provisions of subdivision three of section eighty-eight of the Public Officers Law and in conformity with such guidelines as may be promulgated by the Committee on Public Access to Records regarding the prevention of unwarranted invasions of personal privacy, the RAO may delete from any record identifying details the disclosure of which would result in an unwarranted invasion of personal privacy prior to making such record available for inspection and/or copying. An unwarranted invasion of personal privacy includes but shall not be limited to the following * * *
"(e) Disclosure of items of a personal nature when disclosure would result in economic or personal hardship to the subject *78 party and such records are not relevant or essential to the ordinary work of the agency or municipality * * *
"§ 7. * * * If the RAO determines that an application to inspect and/or copy records pertains to information specifically exempted from disclosure by paragraph a, b, c or d of subdivision seven of section eighty-eight of the Public Officers Law or under section six of this regulation pursuant to subdivision three of section eighty-eight of such law, he shall deny such application. In denying any application to inspect and/or copy records the RAO shall indicate his reason for such denial and shall advise the applicant of his right to appeal such denial to the County Manager.”
The FOI Regs were adopted by the respondent in conformity with section 88 of the Public Officers Law, which provides in pertinent part as follows:
"1. Each agency, in accordance with its published rules, shall make available for public inspection and copying * * *
"g. an itemized record setting forth name, address, title, and salary of every officer or employee of an agency, except officers and employees of the state law enforcement agencies, shall be compiled by each fiscal officer charged with the duty of preparing payrolls for such officers and such records shall be made available for inspection by the officer charged with the duty of certifying such payrolls to bona fide members of the news media upon written notice * * *
"3. To prevent an unwarranted invasion of personal privacy, the committee on public access to records may promulgate guidelines for the deletion of identifying details for specified records which are to be made available * * * An unwarranted invasion of personal privacy includes, but shall not be limited to * * *
"e. Disclosure of items of a personal nature when disclosure would result in economic or personal hardship to the subject party and such records are not relevant or essential to the ordinary work of the agency or municipality * * *
"7. Notwithstanding the provisions of subdivision one of this section, this article shall not apply to information that is * * *
"c. if disclosed, an unwarranted invasion of personal privacy, pursuant to the standards of subdivision three of this section * * *
"8. Any party denied access to a record or records of an *79 agency or municipality may appeal such denial to the head or heads, or an authorized representative, of the agency or municipality. If that person further denies such access, his reasons therefore shall be explained fully in writing within seven business days of the time of such appeal. Such denial shall be subject to review in the manner provided in article seventy-eight of the civil practice law and rules.”
In addition 21 NYCRR 1401.1 [d] provides: "Any conflicts among laws governing public access to records shall be construed in favor of the widest possible availability of public records.”
In my judgment this case demonstrates the need for the exemption provision of paragraph c of subdivision 7 of section 88 and in subdivision (e) of section 6 of the FOI Regs.
Paragraph g of subdivision 1 of section 88 requires the respondents to make available for public inspection and copying records setting forth the "name, address, title, and salary of every officer or employee of an agency * * * and such records shall be made available for inspection * * * to bona fide members of the news media upon written notice” (emphasis supplied).
In the first place, at the time the request was made by petitioner of the respondents the 276 former county employees had been terminated. They had become private citizens and thus were not "employees” contemplated under the provisions of the Freedom of Information Law. We have involved here the rights of 276 private citizens whose names, although sought by petitioner under the Public Officers Law, were not employees of Monroe County at the time the request was made. This is not a case like Farrell v Bd. of Trustees of Vil. of Johnson City (83 Misc 2d 125) where the three police officers who were reprimanded were employees of the village, and the copies of the three written reprimands were ordered made available for disclosure.
Nor is this a situation like Matter of Zuckerman v New York State Bd. of Parole (53 AD2d 405) where the matter was remitted to Supreme Court for an in camera inspection of the parole board records to ascertain whether or not public interest was affected by disclosure of the requested documents.
Again in Matter of Dunlea v Goldmark, (54 AD2d 446), an application for examination of statistical and factual tabulations of the New York State Budget Director’s work sheets was allowed under certain conditions. A claim that the files *80 contained exempt material was not shown by the record, said the court.
A case alleging that certain building code violations came under the law enforcement exemption was Young v Town of Huntington (88 Misc 2d 632). The court held that the term "law enforcement” in New York State "generally has been employed in the context of criminal law enforcement” (p 635) and thus permitted an inspection of the relevant files.
I am also aware that there must be specific support for the claim of privilege when asserted by an agency when it denies access to records (see Cirale v 80 Pine St. Corp., 35 NY2d 113, 118).
However, in the instant case the unwarranted invasion of the former employees’ privacy and the resultant economic or personal hardships to those subject parties, in my judgment, are obvious. On oral argument, for instance, respondents’ attorney read from a memo to the County Manager by a secretary who had received and reported on a call from a terminated employee. This call is said to have been typical of other similar calls from those recently terminated employees who objected strenuously to the county releasing to the press the list of their names, asserting that it would hurt them greatly in their attempts to get new jobs.
Petitioner cites authority (Getman v National Labor Relations Bd., 450 F2d 670, 674-675) for the proposition that disclosure of names of employees (not former employees) constituted no invasion of privacy under disclosure laws. The case held that the loss of privacy for the then employees, albeit private, resulting from disclosure would be relatively minor. I do not agree with the District Court. The people in this case are now private citizens, and to direct disclosure because they were former employees of Monroe County is wrong. I hold that to turn over 276 names and addresses of former employees would be an unwarranted invasion of the privacy exemption and would patently result in "economic or personal hardship”.
It is noted that paragraph b of subdivision 3 of section 88 provides: "Disclosure of employment, medical or credit histories or personal references of applicants for employment, except such records may be disclosed when the applicant has provided a written release permitting such disclosure;”
I realize that the paragraph is not applicable to the 276 persons in question here, but under subdivision 3 of section 88 *81 a written release of the subject party is required. This requirement is persuasive to me in relation to the intent of the Legislature in its desire to protect warranted privacy.
In sum, the RAO and the other respondents did not act arbitrarily, capriciously and in excess of their jurisdiction when they denied petitioner’s request, made pursuant to the Freedom of Information Law, to be supplied with the names, salary levels, and job titles of certain former Monroe County employees, on the ground that the release of such information would constitute an unwarranted invasion of the personal privacy of said former employees, and such information is irrelevant to the work of the county.