OPINION OF THE COURT
Aaron E. Klein, J.
The petitioners as proposed first trustees of the Unification Theological Seminary have instituted these proceedings under CPLR article 78 to enforce compliance by respondents with article 6 of the Public Officers Law, being section 84 et seq. of the Freedom of Information Law.
The issue raised here is rather narrow and involves the refusal of production by the respondents of notes made by William J. Carr, secretary to the New York State Board of Regents, during the course of open and public meetings. It *87 would appear that the remedy of administrative appeal from refusal of the respondents to provide the information sought has been exhausted or waived, and it is clear that the position taken by the respondents, and by Honorable Joseph J. Blaney, Acting Commissioner of Education of the State of New York dated August 21, 1978 is to the effect that "[T]he Secretary’s [Carr’s] notes are not records of the Board of Regents or the Education Department and, therefore are not public records subject to compulsory disclosure under Article 89 of the Public Officers Law.”
Correlatively, the further finding of the acting commissioner claims protection from disclosure under subdivision 2 of seer tion 87 of that law on the ground that same consist of intraagency materials within the purview of section 87 (subd 2, par [g]) of the Public Officers Law reading: "i. statistical or factual tabulations or data; ii. instructions to staff that affect the public, or iii. final agency policy or determinations”.
There appears to be no dispute as to the status of the said William J. Carr or that notes were taken by him at a public and open meeting or that the said notes are not verbatim transcripts of the proceedings. The claim is made that such notes constitute personal memoranda of the secretary.
This court was made privy to the contents of the notes so taken for in camera inspection as strongly suggested in Zuckerman v New York State Bd. of Parole (53 AD2d 405, 408). The question before this court is, therefore, squarely as follows: (1) Were the notes so taken official records of the Board of Regents or of the Education Department within the intent and meaning of section 89 of the Public Officers Law? (2) Does the claimed exemption of such notes from public inspection come within the purview of section 87 (subd 2, par [g], els i-iii)?
It should be first noted that public disclosure laws require liberality of construction (Cuneo v Schlesinger, 484 F2d 1086, cert den sub nom. Rosen v Vaughn, 415 US 977; Matter of Burke v Yudelson, 81 Misc 2d 870).
Subdivision 2 of section 87 of the Public Officers Law mandates the disclosure of all records of public agencies subject only to claimed exemption with the duty falling upon the said agency to carry the burden of establishing such exemption. The respondents in the arguments made before this court make the assumption that the secretary attends the board meeting in two capacities, viz., as the recorder of *88 "factual” detail of the meetings which are then recorded in a "Journal”, and also as a private person making personal notes of observations made by him in the course of the self-same meeting.
Under the liberality to be accorded to the Freedom of Information Law, the court finds the differentiation so claimed to be more fancied than real, and it is clear that in his attendance at the board meetings, Mr. Carr serves in his official capacity.
Consideration of Commissioner Blaney’s findings that the notes constitute intra-agency materials which are not statistical or factual tabulations or data or instructions to staff that affect the public or final agency policy or determinations, relied on by the board satisfies the court that it has not sustained such claim since there is no supportive basis for such holding. Although fragmentary and nonverbatim, the notes are clearly intended as factual; do not consist of instructions to staff that affect the public and, of course, are not final agency policy or determinations. Under the definitions contained in subdivision 4 of section 86 of the Public Officers Law, the word "record” is defined as meaning "any information kept, held, filed, produced or reproduced by, with or for an agency * * * in any physical form whatsoever including, but not limited to, reports, statements, examinations, memoranda”.
Most importantly, however, and to the credit of the respondents herein, there was submitted to this court for in camera inspection the material claimed to have been reproduced from notes taken by Secretary Carr, and following such reproduction, the original handwritten notes being destroyed. The court concludes from its inspection that the notes so entrusted to it should be made available to the petitioners, the assumption, of course, being that the notes so examined constitute all available records of memoranda made by Secretary Carr at the various meetings alluded to in the papers.
The court does not consider the fact that a decision has been rendered by Mr. Justice Edward S. Conway as rendering moot the application here presented.
Accordingly, the relief sought by the petitioners is hereby granted.