797 P.2d 854

**Wayne A. FOX, Petitioner–Appellant,**

v.

**Norma ESTEP, as Clerk of the Board of County Commissioners, Boundary County, State of Idaho, Respondent.**

No. 18071.

Supreme Court of Idaho.

Aug. 29, 1990.

Wayne A. Fox, Moscow, pro se.

Randall W. Day, Bonners Ferry, for respondent.

McDEVITT, Justice.

On January 18, 1989, appellant made a verbal and written request to the Boundary County Clerk and Clerk of the Commissioners to inspect and to take certified copies of respondent's handwritten notes taken during the meetings of the Boundary County Board of Commissioners, held during the period of December 1, 1988 to January 7, 1989.

Respondent refused appellant's request, citing advice from the county attorney that the writings which were described by Respondent as "handwritten notes," "raw minutes," and "raw notes" were "working paper" and not open to public inspection. The clerk's handwritten notes or "raw minutes" are the basis for writing the formal minutes of the Commissioners' meeting.

On January 20, 1989, appellant filed with the district court a verified Petition for an Alternate Writ of Mandate to be allowed to inspect the Boundary County Clerk's handwritten notes. The district court issued an Alternative Writ of Mandate, which was served on respondent on January 23, 1989. On January 31, 1989, appellant filed a verified Amended Petition for Writ of Mandate. Respondent filed an answer to the Amended Petition with a supporting affidavit.

A show cause hearing was scheduled for February 13, 1989. Before proceeding with argument at this hearing, respondent moved to quash the writ and dismiss the action. The court entertained argument on this motion and the issues raised by the Alternative Writ of Mandate.

On March 9, 1989, the district court issued an order quashing the alternative writ and dismissing appellant's suit. On March 17, 1989, pursuant to I.R.C.P. Rule 59(e), appellant filed a Motion to Alter or Amend the March 9, 1989 order. On April 5, 1989, the district court entered an order denying appellant's Motion to Alter or Amend. This appeal ensued.

ARE THE COUNTY CLERK'S HANDWRITTEN NOTES SUBJECT TO INSPECTION PURSUANT TO IDAHO'S PUBLIC DISCLOSURE STATUTES?

The Idaho statutes addressing public access for the purposes of inspection and copying are, in their pertinent parts, as follows:

**9–301. Public writings—Right to inspect and take copy.**—Every citizen has the right to inspect and take a copy of

any public writing of this state, except as otherwise expressly provided by statute.[1]

**9–311. Public writings—Classification.** —Public writings are divided into four classes:

1. Laws.

2. Judicial records.

3. Other official documents.

4. Public records kept in this state of private writings.

**59–1009. Official records open to inspection.**—The public records and other matters in the office of any officer are, at all times during office hours, open to the inspection of any citizen of this state.

**59–1011. Furnishing account books—Examination by citizens.**—It shall be the duty of the state and county officers respectively charged with furnishing books and stationery for public use, to furnish suitable books for the purpose to such officers; and such books shall be subject to examination by any citizen at any reasonable time, and such citizen shall be entitled to take memoranda from the same without charges being imposed; provided, if any person or persons desire certified copies of any such account, the officer or person in charge of said books shall be entitled to demand and receive fees for the same, as for other public records in his control.

**31–713. Meetings and records public.** —All meetings of the board [of commissioners] must be public, and the books, records, and accounts must be kept at the office of the clerk, open at all times for public inspection, free of charge. . . .

Appellant urges that the statutory scheme reflected in the above quoted statutes mandate that the handwritten notes of the Clerk of Boundary County be made available for public inspection and copying.

Respondent argues that the handwritten notes or "raw minutes" of the Clerk of the Boundary County Commissioners are simply "transitional" or "working papers" and not contemplated under the quoted statutes as being included in the "public writing" provisions of I.C. §§ 9–301 and 9–311. Re-

spondent further urges that the controlling statute is I.C. § 67–2344 which provides as follows:

**67–2344. Written minutes of meetings.** —(1) The governing body of a public agency shall provide for the taking of written minutes of all its meetings. Neither a full transcript nor a recording of the meeting is required, except as otherwise provided by law. All minutes shall be available to the public within a reasonable time after the meeting, and shall include at least the following information:

(a) All members of the governing body present;

(b) All motions, resolutions, orders, or ordinances proposed and their disposition;

(c) The results of all votes, and upon the request of a member, the vote of each member, by name;

(2) Minutes of executive sessions may be limited to material the disclosure of which is not inconsistent with the provisions of section 67–2345, Idaho Code, but shall contain sufficient detail to convey the general tenor of the meeting.

It is respondent's position that the final "approved" minutes adopted by the Commissioners and signed by the chairman of the Board of County Commissioners and the clerk, as required in I.C. § 31–707, are those that are subject to public inspection under the contemplation of this statute and that the preparation of those minutes are the only duty imposed on the Clerk of Boundary County.

Idaho Code § 31–708, in defining the "[d]uties of clerk," specifies "[t]he clerk of the board must: 1. Record all proceedings of the board." The handwritten notes therefore, are an act undertaken pursuant to a statutory directive in fulfilling the function of Clerk of Boundary County.

The handwritten notes are not a personal notation for random observations or memoranda concerning events undertaken at a meeting, but are maintained and undertaken by the auditor as Board of Commis-

---

**1.** Idaho Code § 9–301 was repealed effective July 1, 1990, but was effective for the purposes

of this action.

sioner's Clerk, in an official capacity and pursuant to a statutory duty to record the proceedings of the Board of County Commissioners. These handwritten notes are then put in a typed form and submitted to the Commissioners for approval and signature by the chairman as the official "minutes" of the meetings of the Board of County Commissioners.

The trial court erred in holding that as a matter of law the "raw notes" ("handwritten notes," "raw minutes") could not be public writings and subject to the provisions of I.C. § 9-301.

The "raw notes" ("handwritten notes," "raw minutes") are not in the record. These writing and their contents have been described in varying detail by the parties. Based on the record before us, this Court cannot determine the nature or scope of the writings in question. We decline characterizing something that is not before us.

We vacate the order of the trial court quashing the writ of mandate and dismissing the action, and remand for proceedings consistent with this opinion.

Costs to appellant on appeal.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.