918 A.2d 735 (2007)
391 N.J. Super. 534
Martin O'SHEA, Complainant-Appellant,
v.
WEST MILFORD BOARD OF EDUCATION, Custodian of Records-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 2007.
Decided April 5, 2007.
*736 Richard Gutman, Montclair, argued the cause for appellant.
Vito A. Gagliardi, Jr., argued the cause for respondent West Milford Board of Education (Porzio, Bromberg & Newman, attorneys, Morristown; Mr. Gagliardi, of counsel; Frank A. Custode, Newark, on the brief).
Debra A. Allen, Deputy Attorney General, argued the cause for respondent Government Records Council (Stuart Rabner, Attorney General, attorney; Michael J. Haas, Assistant Attorney General, of counsel; Ms. Allen, on the brief).
McConnell, Lenard & Campbell, attorneys for amicus curiae New Jersey Association of School Business Officials (Robert B. Campbell, Andover, on the brief).
Beth L. Finkelstein, Trenton, for amicus curiae New Jersey Association of School Administrators.
Cynthia J. Jahn, Trenton, for amicus curiae New Jersey School Boards Association (John J. Burns, on the brief).
Before Judges LINTNER,[1] S.L. REISNER and SELTZER.
The opinion of the court was delivered by
S.L. REISNER, J.A.D.
Complainant, Martin O'Shea, appeals from a revised final decision of the Government Records Council (GRC) dated October 28, 2005, denying O'Shea's request for a copy of handwritten notes taken by the Secretary of the West Milford Board of Education (Board) during an executive session of the Board. We affirm.

*737 I
The dispute in this case concerns a Board meeting conducted on June 22, 2004. O'Shea requested four types of records relating to the meeting: collective bargaining agreements approved by the Board during the meeting; the resolution passed by the Board prior to going into closed session during the meeting; a copy of a letter referenced during the meeting; and the minutes of the executive session held during the meeting. In connection with this latter request, O'Shea asked that "[i]f the minutes of the executive session are not [on] audio tape, I am requesting a copy of the original handwritten notes." The Board Secretary advised O'Shea that there were no audiotapes and provided him with the unapproved but typed formal minutes of the executive session, as prepared by the Secretary and submitted to the Board. The Secretary declined to provide the handwritten notes "because they are not government records."
In response to O'Shea's complaint under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, on October 14, 2004, the GRC directed the Board to provide O'Shea a copy of the handwritten notes, "subject to appropriate redactions in accordance with OPRA." The Board appealed, and we granted the GRC's motion to remand the matter so that the agency could review the notes in camera to determine whether they fell within the statutory exemptions or privileges claimed by the Board under OPRA.
After conducting an in camera review of the handwritten notes, the GRC concluded that they were not a public record:
The in camera inspection disclosed a page of cryptically written notes, punctuated by the frequent use of initials and abbreviations, apparently intended to serve as a memory aid for the Board Secretary. Without further explication from the Board Secretary, the notes cannot be relied on as a factual account of board proceedings. For that reason, the Council has determined that the statutory exemption for advisory, consultative and deliberative material applies. Alternatively, the notes constitute a work-in-progress, as opposed to a completed draft, and therefore cannot fairly be characterized as a "government record" under OPRA. The requestor  who has both the approved and unapproved draft minutes  has no discernable interest in obtaining the handwritten notes such that it would be appropriate to override the statutory exemption; consequently, the notes need not be released.
The Board withdrew its appeal of the GRC's original decision, and O'Shea filed an appeal of the GRC's order on reconsideration.

II
Having canvassed the record, including the handwritten notes which we reviewed in camera, we conclude that the GRC reached the correct result. The Open Public Records Act defines a "[g]overnment record" as a document "made, maintained or kept on file in the course of his or its official business by any [governmental] officer, commission, [or] agency." N.J.S.A. 47:1A-1.1 (emphasis added). Government records do not include "interagency or intra-agency advisory, consultative, or deliberative material." Ibid. The term also
shall not include the following information which is deemed to be confidential ...:
information generated by or on behalf of public employers or public employees in connection with ... any grievance filed by or against an individual or in connection with collective negotiations, *738 including documents and statements of strategy or negotiating position.
[Ibid.]
We agree with the GRC that the handwritten notes might be considered "intra-agency consultative material," because they were informal notes taken preliminary to the Secretary preparing a draft of minutes for the Board's consideration and approval. However, we also conclude that they are not "government records" at all. While the Secretary's job includes the responsibility to record the proceedings of the Board, N.J.S.A. 18A:17-7, that responsibility is carried out by preparing the minutes.

The secretary shall give notice of all regular or special meetings of the board to the members thereof and record the minutes of all proceedings of the board and the results of any annual or special school election in suitable minute books.

[Ibid. (emphasis added).]
It is clear from the statutory language that the preparation of formal minutes is the Secretary's "official business" and that the formal minutes themselves, not the Secretary's handwritten notes, are the public record. See also N.J.S.A. 10:4-14 (requiring a public body to keep "reasonably comprehensible minutes of all its meetings"). Fox v. Estep, 118 Idaho 454, 797 P.2d 854, 855 (1990), on which O'Shea relies, is not on point, because the Idaho statute at issue there required the secretary to "[r]ecord" the agency's proceedings, and the court construed recording as a separate statutory duty from preparation of the formal minutes.
We reject O'Shea's contention that the Secretary's handwritten notes, jotted down as a memory aid to assist in preparing the formal minutes, are a public record merely because they were "made" by a government official. Under that rationale any Board member's personal handwritten notes, taken during a meeting to assist the member to recall what occurred, would be a public record because the member might arguably refer to them later in reviewing the Secretary's draft of the formal minutes. Taken further, every yellow-sticky note penned by a government official to help him or her remember a work-related task would be a public record. Such absurd results were not contemplated or required by OPRA.[2]
Gannett New Jersey Partners, LP v. County of Middlesex, 379 N.J.Super. 205, 877 A.2d 330 (App.Div.2005), is not on point. In that case, we held that a county planner's thirteen pages of factual notes of her conversations with applicants for a farmland preservation program were public records. However, we permitted the County to redact portions reflecting her evaluation of the application. Id. at 219-20, 877 A.2d 330. In Gannett, it appeared that the notes were made as part of the planner's investigation of the application. There was no indication that the notes had been translated into some more formal form, such as an official report. Nor were they the kind of informal memory aid at issue here.
In Atlantic City Convention Center Authority v. South Jersey Publishing Co., 135 N.J. 53, 63-64, 637 A.2d 1261 (1994), the Court held that audiotapes of executive sessions, used to prepare the agency's meeting minutes, were not public records under the Right-to-Know Law, N.J.S.A. 47:1A-l to -4.

*739 [I]n this case, the Authority used the audio tapes merely as a convenience for its own purposes in preparing the official minutes that it recognizes it must disclose under the Right-to-Know Law. The situation is as though a secretary had taken shorthand notes of the meeting. The secretary's transcribed notes, approved by the body, not the notes themselves, would constitute the official record of the meeting. Simply because a public agency uses an electronic note pad in place of a steno pad as a method to prepare "reasonably comprehensible minutes" does not establish that that electronic record constitutes a Right-to-Know record. Because the audio tapes of these proceedings served only as a convenient means to enable preparation of the official minutes and were not records required to be "made, maintained or kept," N.J.S.A. 47:1A-2, the audio tapes do not constitute Right-to-Know records.
[Atl. City, supra, 135 N.J. at 63-64, 637 A.2d 1261 (citations omitted).]
The Court held, however, that the tapes were common law records and ordered limited disclosure in the circumstances of that case.[3]
Moreover, the treatment of the executive session notes for purposes of OPRA must be considered in light of the Open Public Meetings Act (OPMA), pursuant to which the agency is permitted to go into executive session. N.J.S.A. 10:4-12b. As the Court recognized in Atlantic City, supra, OPMA permits an agency to go into closed or executive session to discuss matters which the Legislature has determined as matter of policy agencies have a legitimate need to discuss privately. These include certain personnel matters and contract negotiations. N.J.S.A. 10:4-12b(4) and (8). OPRA dovetails with OPMA by exempting documents on these subjects from disclosure as public records. N.J.S.A. 47:1A-1.1; N.J.S.A. 47:1A-9.
Under OPMA, the Board is required to keep minutes of its executive sessions, and must "`promptly'" release the notes to the public "unless full disclosure would subvert the purpose of the particular exception" that justified the closed session in the first place. Payton v. N.J. Tpk. Auth., 148 N.J. 524, 557, 691 A.2d 321 (1997) (quoting N.J.S.A. 10:4-14). However, particularly with respect to minutes of a closed session, the Board's determination as to what information to include in the minutes is itself a policy decision. The minutes of executive sessions are typically general enough to avoid disclosure of the kind of "free and frank exchange of views among the members" that OPMA intended to protect. Atl. City, supra, 135 N.J. at 68, 637 A.2d 1261. See also S. Jersey Publ'g Co. v. N.J. Expressway Auth., 124 N.J. 478, 493-94, 591 A.2d 921 (1991). A Secretary's handwritten notes may not reflect the Board's views in terms of the accuracy and inclusiveness of its minutes. Unlike the audiotapes considered in Atlantic City, supra, the notes here are not a verbatim record of what happened at the meeting and therefore may be inaccurate. It would defeat the purpose of the exception in OPMA for executive sessions, and defeat the Board's right to approve its minutes, if the Secretary's informal, preliminary notes were deemed public records. See also Home News v. Bd. of Educ. of Spotswood, 286 *740 N.J.Super. 380, 387-89, 669 A.2d 295 (App. Div.1996) (working drafts of budget documents not public records).
O'Shea's remaining appellate contentions are without sufficient merit to warrant discussion in a written opinion.[4]R. 2:11-3(e)(1)(E).
Affirmed.
NOTES
[1] Judge Lintner did not participate in oral argument. However, with the consent of counsel he has joined in this opinion. R. 2:13-2(b).
[2] O'Shea's citation to Warder v. Board of Regents, 97 Misc.2d 86, 410 N.Y.S.2d 742 (Sup.Ct.Spec.Term 1978), is not on point. In that case, the secretary's handwritten notes had been discarded, and it appears that what was at issue were the minutes that the secretary was required to keep in an official journal of the board's proceedings.
[3] We acknowledge that OPRA, N.J.S.A. 47:1A-1.l, is broader than the Right-to-Know Law, N.J.S.A. 47:1A-2, in its definition of what constitutes a public record. We do not address whether an audiotape would be a government record under OPRA.
[4] O'Shea contends that "[a] Board member who attended the executive meeting alleges that possible Board illegality was disclosed during the Board meeting, but was not included in the minutes." His brief refers us to a paragraph of a certification concerning the preparation of employee paychecks. Our review of the Secretary's handwritten notes reveals nothing relevant to this contention.