**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0840-15T4

DEAN SMITH,

    Plaintiff-Appellant,

v.

SWEDESBORO-WOOLWICH SCHOOL DISTRICT
BOARD OF EDUCATION and CHRISTOPHER DESTRATIS,

    Defendants-Respondents.

_____

        Argued November 30, 2016 — Decided March 6, 2017

        Before Judges Alvarez and Accurso.[1]

        On appeal from Superior Court of New Jersey,
        Law Division, Gloucester County, Docket No.
        L-652-15.

---

[1] Hon. Carol E. Higbee was a member of the panel before whom this case was argued. The opinion was not approved for filing prior to Judge Higbee's death on January 3, 2017. Pursuant to R. 2:13-2(b), "Appeals shall be decided by panels of 2 judges designated by the presiding judge of the part except when the presiding judge determines that an appeal should be determined by a panel of 3 judges." The presiding judge has determined that this appeal remains one that shall be decided by two judges. Counsel has agreed to the substitution and participation of another judge from the part and to waive reargument.

Donald M. Doherty, Jr., argued the cause for appellant.

R. Taylor Ruilova argued the cause for respondents (Comegno Law Group, P.C., attorneys; Mr. Ruilova and Brandon R. Croker, on the brief).

PER CURIAM

At the January 15, 2014 meeting of defendant Swedesboro-Woolwich School District, the Board of Education voted to go into executive session to discuss the superintendent's contract. Following that session, the Board accepted the superintendent's resignation, over the objections voiced by members of the public.

Plaintiff Dean Smith, a supporter of the superintendent, submitted an Open Public Records Act request for the minutes of that executive session. The Board responded by providing a two-page document entitled "Minutes: January 15, 2014 Executive Session." The top line of the first page states: "Personnel Matter — Discussion of Superintendent Contract." Following are two short bullet points, which are entirely blackened out. The next line reads: "Attorney/-Client Privileged Communication & Personnel Matter." The twenty-one bullet points under that heading, which extend a quarter way down the second page of the document, are also entirely blackened out.

Accompanying the response was a redaction and privilege log.  The log provides that "[t]he Superintendent presented information regarding his accomplishments in the District" as the subject matter redacted under the first heading.  The log states the material redacted under the second heading consisted of the Board's discussion of "the Superintendent's contract," and its discussion of "related issues with its counsel."  The log provides the same reasons for all redactions:  "N.J.S.A. 47:1A-9 (effect of OPRA on other statutes); N.J.S.A. 10:4-12(b)(8) (personnel); Personnel privacy and confidentiality; Advisory, consultative and deliberative."  With regard to redactions related to conversations with counsel, the Board also asserted attorney-client and work product privileges.

Plaintiff filed his complaint in the Law Division seeking the unredacted minutes.  After reviewing in camera both the redacted minutes, as well as the unredacted copy supplied by the Board, Judge Curio denied plaintiff's request and dismissed his complaint.

In a thoughtful and cogent opinion delivered from the bench, Judge Curio acknowledged plaintiff's frustration over the extent of the redactions, "because plaintiff is flying blind without having had the opportunity to see the unredacted version of these minutes."  Having reviewed both versions, however, the

judge was "satisfied that the reasons advanced by the defendant School Board for redacting the minutes are appropriate." Specifically, the judge found:

> [I]t's clear from the unredacted version of [the] minutes, that the discussion had to do with whether the Board was inclined to renew the contract of the then Superintendent. So the exception claimed by the defendant that this is a personnel matter, is accurate and appropriate.
>
> I am also satisfied, having had the opportunity to read through the minutes, that there was, in fact, a give and take among the members of the Board relative to that issue of whether to renew the contract preliminarily to further action by the Board on that subject. And so, that comports with the deliberative process exception, and would justify the redactions.
>
> Defendant also claims that some of the matters redacted were subject to the attorney-client privilege and, again, taking the page and a half as a whole, and reading it together, it does appear clear that there was input by the solicitor that would qualify as attorney-client privilege.
>
> So it's not that the redaction is appropriate because each and every line speaks to all of these exemptions, but I am satisfied that each and every line is subject to one or the other, and sometimes more than one appropriate exemption.
>
> Clearly, the Open Public Records Act dovetails with the Open Public Meetings Act in a situation such as this, and so the exemption that would permit the Board to meet in closed session for the personnel action, informs the determination about

4

whether the records ought to be released under the Open Public Records Act.

So for those reasons, I do find that the exemption for the discussion of the personnel matter and the contract of the Superintendent, as well as the deliberative process exemption, and the attorney-client privilege, work in concert to support the action of the defendant Board in redacting all of the minutes.

[P]laintiff's counsel has argued that because of the passage of time, the result should be impacted in plaintiff's favor. However, without clear authority supporting that proposition, I am unpersuaded that it would alter the determination that I've stated.

Plaintiff raises the following issues on appeal:

THE REDACTIONS MADE WERE EXCESSIVE AND THE JUSTIFICATIONS PROVIDED FOR THEM CONFUSED THE BASES FOR GOING INTO EXECUTIVE SESSION UNDER THE OPEN PUBLIC MEETINGS ACT (OPMA) WITH THE REASONS FOR WITHHOLDING REGARDS FROM DISCLOSURE UNDER THE OPEN PUBLIC [RECORDS] ACT (OPRA), AS WELL AS RELIED UPON AN OVERLY EXPANSIVE VIEW OF RECOGNIZED OPRA EXEMPTIONS.

A. MEETING MINUTES ARE NOT "PERSONNEL RECORDS."

B. THERE ARE NO INDICATIONS THERE WAS A NEED TO WITHHOLD ANY OF THE INFORMATION SOME 14 MONTHS AFTER THE DISCUSSIONS TOOK PLACE.

C. SHORT, INCOMPLETE SENTENCE NOTATIONS TYPICALLY FOUND IN MEETING MINUTES ARE NOT ADVISORY, CONSULTIVE OR DELIBERATIVE MATERIALS.

5

D. SUBSTANTIVE LEGAL ADVICE COULD NOT NORMALLY BE SUMMARIZED AS IN THESE MINUTES AND THERE IS NO ATTORNEY-WORK PRODUCT ASSOCIATED WITH MEETING MINUTES.

E. THE REDACTION METHODOLOGY WAS IMPROPER.

We reject those arguments. Reviewing those same documents in camera and exercising plenary review, see Asbury Park Press v. Cnty. of Monmouth, 406 N.J. Super. 1, 6 (App. Div. 2009), aff'd, 201 N.J. 5 (2010), we affirm substantially for the reasons expressed by Judge Curio in her opinion from the bench on August 27, 2015. We add only the following.

As we explained in O'Shea v. West Milford Board of Education, 391 N.J. Super. 534, 540 (App. Div.), certif. denied, 192 N.J. 292 (2007), any OPRA analysis of documents memorializing closed-session discussions must be informed by the Open Public Meetings Act (OPMA), the statute which permits the agency to go into executive session. See N.J.S.A. 10:4-12b. A government agency may only go into executive session to discuss those limited matters that the Legislature has deemed agencies "have a legitimate need to discuss privately," including certain specific "personnel matters and contract negotiations." O'Shea, supra, 391 N.J. Super. at 540; see N.J.S.A. 10:4-12b(4), (8). "OPRA dovetails with OPMA by exempting documents on these

subjects from disclosure as public records." O'Shea, supra, 391 N.J. Super. at 540; see N.J.S.A. 47:1A-1; 47:1A-1.1; 47:1A-9.

This matter proceeded exactly as it was supposed to. Upon receipt of plaintiff's OPRA request, the Board provided plaintiff with the minutes of the executive session, redacted as the Board determined appropriate with an accompanying privilege log. See Paff v. N.J. Dep't of Labor, 392 N.J. Super. 334, 341 (App. Div. 2007). Plaintiff elected to challenge those redactions by filing an OPRA complaint in the Law Division. See N.J.S.A. 47:1A-6. The Board submitted both the redacted and unredacted minutes for review, and the Law Division judge issued a decision explaining why she found the redactions appropriate. See S. Jersey Publ'g Co. v. N.J. Expressway Auth., 124 N.J. 478, 499 (1991).

We agree with Judge Curio that the Board's discussion, had with its legal counsel, assessing the superintendent's performance in order to determine whether it would renew the superintendent's contract, is protected from disclosure under the personnel records exception under OPRA, N.J.S.A. 47:1A-10; see McGee v. Twp. of E. Amwell, 416 N.J. Super. 602, 614-16 (App. Div. 2010), as well as the deliberative process and

attorney-client privileges,[2] see N.J.S.A. 47:1A-1.1; 47:1A-9b;

O'Boyle v. Borough of Longport, 218 N.J. 168, 183-85 (2014);

McGee, supra, 416 N.J. Super. at 618-21.

We also agree with plaintiff that he was entitled to the facts included in the superintendent's presentation "regarding his accomplishments in the District."  See Gannett N.J. Partners v. Cnty. of Middlesex, 379 N.J. Super. 205, 219-20 (App. Div. 2005) (holding the deliberative process exemption incorporated in N.J.S.A. 47:1A-1.1 adopted the principles set forth in In re Liquidation of Integrity Insurance Company, 165 N.J. 75, 84-85 (2000)).  As the unredacted minutes, however, provide no more detail than the privilege log regarding the specifics of the superintendent's presentation, we find no error.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Our conclusion is buttressed by the information provided by the Board's counsel at oral argument, without objection by plaintiff's counsel, that the superintendent was provided a notice pursuant to Rice v. Union County Regional High School Board of Education, 155 N.J. Super. 64, 73 (App. Div. 1977) (interpreting N.J.S.A. 10:4-12b(8) to require agencies to give employees notice they will be the subject of a closed session discussion to allow them the opportunity to "make a decision on whether they desire a public discussion and . . . prepare and present an appropriate request in writing"), certif. denied, 76 N.J. 238 (1978), prior to the meeting and had not made a written request that the discussion whether to renew his contract be had in public.