970 A.2d 409 (2009)
407 N.J. Super. 221
John PAFF, Complainant-Appellant,
v.
CITY OF EAST ORANGE, Respondent-Respondent.
No. A-4280-07T2
Superior Court of New Jersey, Appellate Division.
Submitted March 31, 2009.
Decided May 21, 2009.
*410 Walter M. Luers, for appellant.
Jason Holt, Corporation Counsel, for respondent City of East Orange (Kevin D. Harris, Assistant Corporation Counsel, on the brief).
Anne Milgram, Attorney General, for respondent Government Records Council (Lewis A. Scheindlin, Assistant Attorney General, of counsel; Debra A. Allen, Deputy Attorney General, on the brief).
Before Judges SKILLMAN, GRALL and ESPINOSA.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
The issue presented by this appeal is whether a subsection of the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, which provides that "[a] request for access to a government record shall be in writing and hand-delivered, mailed, transmitted electronically, or otherwise conveyed to the appropriate custodian," N.J.S.A. 47:1A-5(g), requires a public agency to accept a request for a government record transmitted by any of the methods of transmission mentioned in this subsection. We conclude that the authority N.J.S.A. 47:1A-5(f)(1) confers upon a custodian of government records to adopt a form for requesting access to a government record, which includes "specific directions and procedures for requesting a record," authorizes a custodian to direct that a request for a government record must be transmitted only by methods specified in the form, which need not include every method of transmission mentioned in N.J.S.A. 47:1A-5(g).
On November 16, 2007, complainant John Paff sent a request for government records to East Orange's custodian of government records. This request was made on East Orange's form for use in requesting access to government records, which states:
State law requires that in order to request access to government records, you must complete, sign and date this request form and deliver it in person, by mail or electronically during regular business hours to the appropriate custodian *411 of the record requested. The East Orange City Clerk's Office will not accept submission of a requested form by fax.

[Emphasis added.]
Paff transmitted his request to the custodian of records by fax.
On November 19, 2007, East Orange notified Paff by telephone that it does not accept requests for government records submitted by fax, and that he would need to mail or hand-deliver his request to the custodian of records in order for it to be processed.
Paff did not resubmit his request by mail or hand delivery. Instead, he filed a denial of access complaint with the Government Records Council (GRC), claiming that East Orange was obligated under N.J.S.A. 47:1A-5(g) to accept a request for government records transmitted by fax.
The executive director of the GRC submitted a report to the GRC recommending rejection of Paff's complaint. She stated that "a custodian has ... discretion in developing processes so that he or she can best meet his or her obligation[s] under OPRA," and that "there may be compelling reasons why a public agency may choose not to receive OPRA requests by means of facsimile transmissions." One reason she noted is that "some public agencies may not have a dedicated fax line for their records custodian."
On March 26, 2008, the GRC issued a final decision that adopted the findings and recommendations of its executive director and held that East Orange's custodian of records did not deny Paff's request for government records by refusing to accept its transmission by fax. Paff appeals from this final agency decision.
OPRA is predicated upon a legislative finding that "government records shall be readily accessible for inspection, copying or examination by the citizens of this State." N.J.S.A. 47:1A-1. In pursuit of this objective, the Legislature established a state administrative agency, the Government Records Council (GRC), to administer and interpret OPRA. N.J.S.A. 47:1A-7. The Legislature conferred broad powers upon the GRC, including the power to:
[R]eceive, hear, review and adjudicate a complaint filed by any person concerning a denial of access to a government record by a records custodian;
issue advisory opinions, on its own initiative, as to whether a particular type of record is a government record which is accessible to the public;
prepare guidelines and an informational pamphlet for use by records custodians in complying with the law governing access to public records....
[N.J.S.A. 47:1A-7(b).]
We have recognized that the GRC plays a "significant role in the administration of OPRA." Paff v. N.J. Dep't of Labor, 379 N.J.Super. 346, 352, 878 A.2d 31 (App.Div. 2005).
The GRC has concluded both in a "Handbook for Records Custodians" distributed in 2002 and in its adjudications of complaints by persons alleging a denial of access to government records that a municipality's standard form for submission of requests for access to government records may provide that such a request cannot be submitted by fax.
Paff argues that the GRC's view conflicts with the plain language of the first sentence of N.J.S.A. 47:1A-5(g), which states in pertinent part: "A request for access to a government record shall be in writing and hand-delivered, mailed, transmitted electronically, or otherwise conveyed to the appropriate custodian." This subsection clearly requires any OPRA request to be submitted "in writing." See *412 Renna v. County of Union, 407 N.J.Super. 230, 242, 970 A.2d 414, 2009 WL 1405572 at *5 (App.Div.2009). Thus, an oral request for a government record would not comply with N.J.S.A. 47:1A-5(g). This subsection also provides that such a request "shall be... hand-delivered, mailed, transmitted electronically, or otherwise conveyed to the appropriate custodian." Thus, by its plain terms, the first sentence of N.J.S.A. 47:1A-5(g) only prescribes what a requester must do in order to submit a request for a government record: that is, put it "in writing" and convey it to "the appropriate custodian." It does not expressly require a public agency to accept the transmission of an OPRA request by any one of the methods of transmission mentioned in this subsection.
Moreover, even if N.J.S.A. 47:1A-5(g) were susceptible, when considered in isolation, to an interpretation requiring a custodian of government records to accept a request for a record transmitted by any method mentioned therein, this subsection must be read in light of and harmonized with the other provisions of OPRA prescribing the responsibilities of custodians of government records and the GRC. See Burnett v. County of Bergen, 198 N.J. 408, 421, 968 A.2d 1151 (2009) (noting that "each part or section [of OPRA] should be construed in connection with every other part or section to provide a harmonious whole.") (quoting Bedford v. Riello, 195 N.J. 210, 224, 948 A.2d 1272 (2008)).
The subsection of OPRA that deals with a custodian of government records' authority to specify the method of submission of requests for government records is N.J.S.A. 47:1A-5(f), which provides in pertinent part:
The custodian of a public agency shall adopt a form for the use of any person who requests access to a government record held or controlled by the public agency. The form shall provide space for the name, address, and phone number of the requestor and a brief description of the government record sought.... The form shall also include the following: (1) specific directions and procedures for requesting a record; (2) a statement as to whether pre-payment of fees or a deposit is required; (3) the time period within which the public agency is required ... to make the record available; (4) a statement of the requestor's right to challenge a decision by the public agency to deny access and the procedure for filing an appeal; (5) space for the custodian to list reasons if a request is denied in whole or in part; (6) space for the requestor to sign and date the form; (7) space for the custodian to sign and date the form if the request is fulfilled or denied.
[Emphasis added.]
Thus, N.J.S.A. 47:1A-5(f)(1) expressly delegates authority to each custodian of government records to adopt a form for use in making OPRA requests that includes "specific directions and procedures for requesting a record." The question is whether such "specific directions and procedures" extend to the methods by which an OPRA request must be transmitted to the agency.
The term "procedures," as applied to judicial and administrative proceedings, is generally understood to include the method by which a complaint or other document may be filed and served. Thus, our rules of court set forth the prescribed methods of "service and filing of papers" under the heading "procedure." R. 1:5. Similarly, the amendments to the Administrative Procedure Act (APA) establishing the Office of Administrative Law (OAL), N.J.S.A. 52:14F-1 to -23, delegate authority to the Chief Administrative Judge to "[d]evelop ... procedures," N.J.S.A. 52:14F-5(e), and to "promulgate and enforce *413 ... rules for the prompt implementation and coordinated administration of the [APA]," N.J.S.A. 52:14F-5(f), which has been construed to include rules relating to the service and filing of papers in proceedings before the OAL, N.J.A.C. 1:1-7.1 to -7.5. Treatises on civil procedure also consider the prescribed methods for filing and service of papers to be a subject within the field of "procedure." See, e.g., Fleming James, Jr. & Geoffrey C. Hazard, Jr., Civil Procedure § 1.15 at 38 (3d ed. 1985). Therefore, we conclude that the legislative delegation of authority to a custodian of government records to adopt a form for use in making OPRA requests that include "specific directions and procedures for requesting a record," N.J.S.A. 47:1A-5(f)(1), extends to prescribing the method by which an OPRA request must be transmitted to the agency.
Moreover, if we had any doubt concerning the proper interpretation of N.J.S.A. 47:1A-5(f)(1), we would defer to the GRC's interpretation. When the Legislature delegates authority to a state agency to administer and interpret a statute, our courts will defer to that agency's interpretation of the statute "provided it is not plainly unreasonable." In re Pub. Serv. Elec. & Gas Co., 167 N.J. 377, 384, 771 A.2d 1163 (2001) (quoting Merin v. Maglaki, 126 N.J. 430, 437, 599 A.2d 1256 (1992)). The Legislature has delegated authority to the GRC to administer and interpret OPRA, including the authority to "prepare guidelines for use by records custodians in complying with the law governing access to public records." N.J.S.A. 47:1A-7(b). In the exercise of this authority, the GRC has notified custodians of government records that they may prohibit persons from submitting requests for government records by fax. The GRC's Handbook for Records Custodians states in relevant part:
Some public agencies may not have a dedicated fax line for their records custodian and cannot accept fax requests. Some public agencies may accept requests for access to government records over the Internet or by e-mail. A public agency should examine its capability to accept electronically transmitted requests and establish appropriate policies and practices. The law does not require public agencies to provide new services beyond what they currently provide in order to accept records requests electronically.
[GRC, "Handbook for Records Custodians" 12 (Aug. 22, 2002).]
The GRC's interpretation of N.J.S.A. 47:1A-5(f)(1) is supported by substantial policy considerations. There are more than one thousand state agencies, political subdivisions and independent authorities subject to OPRA. See Fitzgerald's Legislative Manual, 551-1036 (Skinner-Strauss Associates, 2006) (listing the State's departments, agencies, counties and municipalities, all subject to OPRA). These public agencies vary greatly in size, internal administrative organization and sophistication of operations. It is undoubtedly feasible for many public agencies to accept OPRA requests by fax. However, other public agencies may lack a dedicated facsimile line for the custodian of government record's use or other means of assuring expeditious and reliable transmission to the custodian of OPRA requests transmitted by fax. N.J.S.A. 47:1A-5(f)(1) recognizes the significant variations in the operations of the public agencies subject to OPRA by delegating broad authority to each individual custodian to prescribe "specific directions and procedures for requesting a record." Therefore, we conclude that the GRC's interpretation of this subsection is "not plainly unreasonable," In re Pub. Serv. Elec. & Gas Co., supra, *414 167 N.J. at 384, 771 A.2d 1163, and should be accepted by the courts.
Finally, we note that the procedures adopted by a custodian of government records for transmittal of OPRA requests, like any other action by a public official or agency, must be reasonable. See N.J. Builders Ass'n v. N.J. Council on Affordable Hous., 390 N.J.Super. 166, 181-84, 915 A.2d 23 (App.Div.2007). Consequently, a custodian may not exercise his authority under N.J.S.A. 47:1A-7(f)(1) in a manner that would impose an unreasonable obstacle to the transmission of a request for a governmental record, such as, for example, by requiring any OPRA request to be hand-delivered. However, there is no basis for concluding that East Orange's form, which only prohibits submission of OPRA requests by fax, but allows submission by mail or "electronically," imposes any undue burden upon parties who seek the disclosure of government records under OPRA.
Affirmed.