779 A.2d 444 (2001)
343 N.J. Super. 560
In the Matter of Mario LALAMA.
Superior Court of New Jersey, Appellate Division.
Submitted July 24, 2001.
Decided August 10, 2001.
*445 Yolanda Adrianzen, City of Paterson Corporation Counsel, for appellant (Frank Covello, Assistant Corporation Counsel, of counsel and on the brief).
William J. De Marco, Wayne, for respondent.
John J. Farmer, Jr., Attorney General, for respondent Merit System Board (June K. Forrest, Senior Deputy Attorney General, on the statement in lieu of brief).
Before Judges SKILLMAN and LISA.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
The City of Paterson appeals from a final decision of the Merit System Board (Board), which rejected a recommended initial decision of an Administrative Law Judge (ALJ) upholding the City's removal of appellant Mario Lalama from his firefighter position for using cocaine. The sole ground of the Board's decision was that the City failed to present adequate evidence of the "chain of custody" of the urine sample that tested positive for cocaine.
After informing his supervisors that he had an alcohol abuse problem, appellant was placed on paid sick leave and admitted into a residential substance abuse program for one month. Upon returning to active duty, appellant entered into an agreement with the City that he would be placed on probation. One of the conditions of appellant's probation was that he submit to random drug testing.
Armando Cortez was the Paterson Fire Department official responsible for administering drug tests to firefighters, which involved taking a urine sample and sending it to an independent laboratory for analysis. Cortez had processed more than 100 urine samples before taking the sample from appellant that resulted in the termination of his employment.
Appellant's urine sample was taken on the morning of September 9, 1996, in the main bathroom at Fire Headquarters. Appellant voided into a container provided by Cortez, then sealed the container and placed his initials on the seal. Appellant placed the container in a bag, and both he and Cortez signed the form that accompanied the container when it was sent to the laboratory. The same preprinted identification number that was on the form also was placed on a label affixed to the seal on the container and the bag enclosing the container. Cortez retained a copy of the form and gave a copy to appellant. Cortez placed the bag containing the urine sample in a locked box for which only he and the laboratory's courier had keys. He then *446 called the courier to pick up the sample and later that afternoon observed the courier come and take the sample. However, the courier did not fill in the blank for his signature on the transmittal form, and Cortez failed to obtain a receipt from him.
The urine sample was received by the testing laboratory, Laboratory Corporation of America, the following day, September 10, 1996, with the seal on the container still intact, accompanied by two copies of the chain of custody transmittal form that included the preprinted identification number. The laboratory confirmed that the identification number on the urine sample container conformed with the number on the form, and when it analyzed the sample, it tested positive for cocaine.
After Paterson received the results of the drug test, it suspended appellant, effective September 18, 1996, and charged him with conduct unbecoming a public employee, in violation of N.J.A.C. 4A:2-2.3(a)(6); violating the Fire Department's rules and regulations, in violation of N.J.A.C. 4A:2-2.3(a)(11); failing to conduct his private life in such a manner as to avoid bringing the Department into disrepute, in violation of section 2:1.1 of the municipal ordinance governing the conduct of Fire Department employees; and taking drugs not duly prescribed and necessary for health, in violation of section 2:2.12 of the ordinance.
After a departmental hearing, appellant was found guilty of the charges and removed from his position, effective April 15, 1997.
Appellant appealed his removal to the Board, which referred the matter to the Office of Administrative Law. Based on the evidence presented at a hearing, an ALJ concluded that appellant was guilty of the charges of conduct unbecoming a public employee, failing to conduct his private life in such a manner as to avoid bringing the Fire Department into disrepute and taking drugs not duly prescribed and necessary for health. With specific reference to the chain of custody of appellant's urine sample, the ALJ stated:
There is no dispute that the container after collection was sealed with a label with a unique number and signed by Lalama, and that the sealed container was placed in a plastic specimen bag with the same unique number and that Lalama signed the appropriate forms. There is also no dispute that the specimen container in the sealed bag arrived at the LabCorp that night with the seals intact. The irregularity in the chain of custody is that the courier that picked up the specimen did not sign the form but Cortez saw him pick it up and the person who received the specimen at the lab signed the form. I FIND that the evidence presented demonstrates by a preponderance of the evidence that the sealed specimen that arrived at Lab-Corp is the same specimen given by Lalama.
The ALJ further concluded that because appellant already had been placed on probation for substance abuse and participated in a rehabilitation program, the appropriate sanction for continued substance abuse was removal from the position of firefighter.
The Board rejected the ALJ's recommended initial decision and reversed Paterson's removal of appellant from the position of firefighter solely on the ground that Paterson had not presented adequate evidence of the chain of custody of the urine sample:
[T]he Board recognizes that two "links" in the chain of custody have been broken. In particular, the City has no record of the date and time the urine sample was picked up. Nor is there a record *447 of the individual who made the pick up. Furthermore, LabCorp's forms were not accurately completed since there is no record of the mode of transportation of the sample. Therefore, the Board determines that the chain of custody of the subject urine sample was broken and that the integrity of the sample was compromised. Accordingly, based on an invalid drug test, there is insufficient evidence in the record to sustain the charges lodged against appellant and the Board concludes that the removal should be vacated.
An appellate court's review of an administrative agency's findings of fact is limited to a determination of whether those findings are supported by "sufficient credible evidence in the record." In re Taylor, 158 N.J. 644, 657, 731 A.2d 35 (1999). However, "an appellate court's review... is `not simply a pro forma exercise in which [the court] rubber stamp[s] findings that are not reasonably supported by the evidence.'" Ibid. (quoting Chou v. Rutgers, 283 N.J.Super. 524, 539, 662 A.2d 986 (App.Div.1995), certif. denied, 145 N.J. 374, 678 A.2d 714 (1996)). "Appellate courts must engage in a `careful and principled consideration of the agency record and findings.'" Id. at 657-58, 731 A.2d 35 (quoting Mayflower Securities Co. v. Bureau of Securities, 64 N.J. 85, 93, 312 A.2d 497 (1973)).
In a case where an administrative agency's findings of fact are contrary to the findings of the ALJ who heard the case, there is a particularly strong need for careful appellate review. Although an agency is not required to defer to an ALJ's findings, it "is not free to brush aside or disregard [them] without comment." In re Waterfront Dev. Permit No. WD88-0443-1, 244 N.J.Super. 426, 436, 582 A.2d 1018 (App.Div.1990), certif. denied, 126 N.J. 320, 598 A.2d 880 (1991); see also P.F. v. New Jersey Div. of Developmental Disabilities, 139 N.J. 522, 530, 656 A.2d 1 (1995). In fact, if an agency's fact finding is based on the credibility of witnesses, "a reviewing court need give no deference to the agency ... on the credibility issue." Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 587-88, 538 A.2d 794 (1988); accord Steinmann v. State, Dep't of the Treasury, Div. of Pensions, Teachers' Pension and Annuity Fund, 116 N.J. 564, 576, 562 A.2d 791 (1989).
The sole basis of the Board's decision was that the City failed to present adequate evidence of the chain of custody of appellant's urine sample. The determination whether the chain of custody of a drug sample has been sufficiently established to justify admission of test results is committed to the discretion of the trier of fact. See State v. Morton, 155 N.J. 383, 446-47, 715 A.2d 228 (1998), aff'd 165 N.J. 235, 757 A.2d 184 (2000), cert. denied, ___ U.S. ___, 121 S.Ct. 1380, 149 L.Ed.2d 306 (2001); State v. Brunson, 132 N.J. 377, 393, 625 A.2d 1085 (1993). Such evidence should be admitted if there is a "reasonable probability that the evidence has not been changed in important respects." Id. at 393-94, 625 A.2d 1085 (quoting State v. Brown, 99 N.J.Super. 22, 28, 238 A.2d 482 (App. Div.), certif. denied, 51 N.J. 468, 242 A.2d 16 (1968)). Thus, it is not necessary for the party introducing such evidence "to negate every possibility of substitution." Brown, supra, 99 N.J.Super. at 27, 238 A.2d 482; see generally McCormick on Evidence § 212 (Strong ed., 5th ed. 1999).
Although the reported New Jersey appellate decisions involving chain of custody issues have all been criminal cases, it is even clearer in an administrative proceeding that a party seeking to introduce drug test results only needs to show a "reasonable probability" that the integrity of the sample has been maintained, because a *448 relaxed standard of admissibility of evidence applies in administrative proceedings. See N.J.S.A. 52:14B-10(a). This conclusion is supported by decisions in other jurisdictions that have applied the "reasonable probability" test in determining whether the "chain of custody" of a urine sample or other similar evidence was adequately demonstrated to justify the admission of test results in an administrative agency hearing. See, e.g., Mollette v. Kentucky Personnel Bd., 997 S.W.2d 492, 495 (Ky.Ct.App.1999); Williamson v. Police Bd. of Chicago, 182 Ill.App.3d 304, 130 Ill.Dec. 729, 537 N.E.2d 1058, 1061-63 (1989), appeal denied, 127 Ill.2d 644, 136 Ill.Dec. 611, 545 N.E.2d 135 (1989).
The ALJ correctly determined that the City made the required showing of an uninterrupted chain of possession of appellant's urine sample. That sample was immediately placed in a sealed container, which was identified by a preprinted number that was placed on a label covering the seal, the bag enclosing the container, and the transmittal form that accompanied the sample when it was sent to the laboratory for testing. When the laboratory received the sample, the seal with this identification number was unbroken. Furthermore, even though the laboratory's courier did not sign and date the transmittal form or leave a receipt with Cortez, Cortez testified that he saw the courier remove the sample from the locked box in which he had placed the sample, and the ALJ credited that testimony.
The Board's conclusion that "two `links' in the chain of custody [were] broken," was based solely on the fact that the courier failed to sign the transmittal form or note the date and time and that the laboratory's form did not record how the sample had been transported. The Board failed to consider other evidence showing the reliability of the transmittal of appellant's urine sample, including the laboratory's receipt of the sealed container with the preprinted identification number together with the transmittal form signed by appellant and Cortez that included the same transmittal number and Cortez's testimony that he saw the laboratory's courier pick up the urine sample. The links in the chain of custody of a urine sample or other similar evidence are not required to be established by any particular form of evidence. See Brown, supra, 99 N.J.Super. at 28, 238 A.2d 482; see also Middlesex County Dept. of Health v. Importico, 315 N.J.Super. 397, 423-25, 718 A.2d 727 (Law Div.1998). Thus, even though the courier failed to complete the transmittal forms, the mode of transportation of the urine sample from the Paterson Fire Department to the laboratory and the integrity of the sample was demonstrated by compelling other evidence that the ALJ found credible. Therefore, there is no basis in the record for the Board's rejection of the ALJ's recommended decision.
Because the Board reversed the City's removal of appellant from the firefighter position solely based on its erroneous view that the City failed to present adequate evidence of the chain of custody, it did not address the other issues presented by appellant. Accordingly, we reverse the Board's final decision and remand the matter to the agency. Jurisdiction is not retained.