**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4838-14T4

DEPARTMENT OF CHILDREN AND
FAMILIES, DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Petitioner-Respondent,

v.

A.I.,

    Respondent-Appellant.

_____

Submitted April 25, 2017 — Decided May 11, 2017

Before Judges Yannotti and Gilson.

On appeal from the Department of Children and
Families, Division of Child Protection and
Permanency, Docket No. AHU 10-1080.

Caruso Smith Picini, P.C., attorneys for
appellant (Steven J. Kaflowitz, on the brief).

Christopher S. Porrino, Attorney General,
attorney for respondent (Andrea M. Silkowitz,
Assistant Attorney General, of counsel; Salima
E. Burke, Deputy Attorney General, on the
brief).

PER CURIAM

A father appeals from a final administrative determination by the Assistant Commissioner of the Division of Child Protection and Permanency (the Division) that he abused his seven-year-old son by striking the child on his buttocks with an electrical cord. We reverse because there was insufficient evidence in the record to support the factual findings made by the Assistant Commissioner.

I.

A.I. lived with his wife and five sons, including his youngest son, C.I.[1] On May 18, 2010, the Division received a referral from a school nurse. C.I. had informed the nurse that his father struck him on his buttocks and it was painful for him to sit. A Division investigator interviewed C.I. at his school. The child explained that earlier in the morning, he was drinking juice from a box in the kitchen. His father struck him on his buttocks with a strap because he was concerned that the child might spill juice on his schoolbooks. C.I. also explained that the striking hurt. He did not, however, complain of the injury to his father that morning. The Division investigator photographed C.I.'s bruise.

During a subsequent interview with a detective from the Bergen County Prosecutor's Office (BCPO), C.I. elaborated that his father struck him with a gray electrical cord. The child also told the

[1] We use initials to protect privacy interests. See R. 1:38-3(e); see also R. 5:12-4(b).

detective that his father had hit him five or ten times over his clothes. He explained that his father had used corporal punishment in the past. C.I. did not receive any medical treatment for his bruise.

A.I. admitted to the detective that he had hit C.I. that morning because the child was going to spill juice over his schoolbooks. Initially, A.I. told the detective that he had used a wooden spoon, but later he stated that it was a gray electrical cord. A.I. was not criminally charged.

The Division subsequently substantiated A.I. for physical abuse. A.I. requested an administrative hearing to contest the investigation finding. Initially, the Division entered a final order upholding the substantiation of abuse on a summary disposition. A.I. filed an appeal to our court. The parties then agreed to submit the matter to a contested hearing and the appeal was withdrawn.

The matter was referred to the Office of Administrative Law (OAL) and a one-day hearing was conducted on January 8, 2015. At the hearing, a detective from BCPO and a Division caseworker testified on behalf of the Division. A.I. and one of his other sons testified on A.I.'s behalf. The Division also submitted documents into evidence, including a photograph of C.I.'s bruise, reports prepared by the Division investigator and the detective,

and video recordings of the detective's interview with C.I. and A.I.

At the hearing, the detective testified that he did not recall how many times A.I. struck the child and whether similar incidents have occurred in the past. The detective further testified that the bruise on C.I.'s buttocks was not a deep wound and "it [was not] anything [he] was overly concerned with."

The Division caseworker testified that she oversaw the investigation regarding A.I., but did not have any direct interactions with A.I. and his family. Consequently, all of her testimony was based on the documents and reports she had reviewed. She acknowledged that she did not personally observe the bruise on C.I.'s buttocks. Instead, she reviewed the photograph that was taken by the Division investigator. Based on that picture, she believed that the bruise was severe.

A.I. testified that he had "whacked" the child with his hand over the child's clothes. He stated that he admitted to using a gray electrical cord because he wanted to be consistent with his son's statement. A.I. further denied hitting C.I. in the past. A.I.'s other son testified that his father never hit him or any of his brothers.

After hearing the testimony, an Administrative Law Judge (ALJ) found that the Division had not carried its burden to

establish that A.I. had abused C.I. Although the ALJ found that A.I. struck the child with a gray electrical cord on the buttocks over his clothes, he also found that the child's injury did not cause swelling or welts and did not require medical attention. After reviewing the photograph of the bruise, the ALJ concluded that the bruise was minor and did not appear to be particularly serious. The ALJ also found that this incident was singular in occurrence and there were no prior instances of corporal punishment. Thus, the ALJ concluded that the Division did not prove by a preponderance of the credible evidence that A.I. used excessive corporal punishment.

The Division administratively appealed and the Assistant Commissioner of the Division, acting as the agency head, rejected the ALJ's findings and conclusions. The Assistant Commissioner made several factual findings that differed from the ALJ. Specifically, the Assistant Commissioner found that "A.I. severely beat his young son and the evidence in the record establishe[d] the impairment of C.I.'s physical condition." Thus, the Assistant Commissioner found that A.I. hit the child with excessive force and A.I.'s act of striking C.I. multiple times with an electrical cord was not a reasonable reaction to the child's conduct. The Assistant Commissioner also found that there had been a pattern of corporal punishment and A.I.'s use of corporal punishment

against C.I. was not an isolated incident. The Assistant Commissioner then affirmed the substantiation of abuse and directed that A.I.'s name be placed in the child abuse registry, pursuant to N.J.S.A. 9:6-8.11.

## II.

A.I. now appeals the final agency determination and makes three arguments: (1) the Assistant Commissioner erred in finding abuse; (2) the Assistant Commissioner erred in modifying the factual findings of the ALJ; and (3) the Assistant Commissioner erred in considering prior instances of corporal punishment.

Our role in reviewing the final decision of an administrative agency is limited. In re Taylor, 158 N.J. 644, 656 (1999). "Absent arbitrary, unreasonable or capricious action, the agency's determination must be affirmed." N.J. Div. of Youth & Family Servs. v. C.H., 414 N.J. Super. 472, 480 (App. Div. 2010) (quoting G.S. v. Dep't of Human Servs., 157 N.J. 161, 170 (1999)), certif. denied, 207 N.J. 188 (2011).

"We do not, however, simply 'rubber stamp the agency's decision.'" N.J. Dep't of Children & Families' Inst. Abuse Investigation Unit v. S.P., 402 N.J. Super. 255, 268 (App. Div. 2008) (quoting Paff v. N.J. Dep't of Labor, 392 N.J. Super. 334, 340 (App. Div. 2007)). If "there is a clear showing that [the agency's decision] is arbitrary, capricious, or unreasonable, or

that it lacks fair support in the record" we are obliged to provide a remedy. N.J. Div. of Youth & Families Servs. v. K.A., 413 N.J. Super. 504, 509 (App. Div. 2010) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). There is a "particularly strong need for careful appellate review" where the agency's factual findings are contrary to those of an ALJ. In re Lalama, 343 N.J. Super. 560, 565 (App. Div. 2001).

The Division is the agency charged with investigating child abuse and neglect. The Division's regulations allow for four types of findings. See N.J.A.C. 3A:10-7.3(c)(1) to (4). Two of these, "substantiated" and "established," require finding of child abuse or neglect under N.J.S.A. 9:6-8.21(c). N.J.A.C. 3A:10-7.3(c)(1) and (2). The other two findings, "not substantiated" and "unfounded," are made when the investigation does not indicate child abuse or neglect under the statute. N.J.A.C. 3A:10-7.3(c)(3) and (4).

The "substantiated" finding requires that

> the preponderance of the evidence indicates that a child is an 'abused or neglected child' as defined in N.J.S.A. 9:6-8.21 and either the investigation indicates the existence of any of the circumstances in N.J.A.C. 3A:10-7.4 or substantiation is warranted based on consideration of the aggravating and mitigating factors listed in N.J.A.C. 3A:10-7.5.

> [N.J.A.C. 3A:10-7.3(c)(1).]

Where the Division's investigation has "substantiated" child abuse or neglect, the regulations allow for a hearing. N.J.A.C. 3A:5-4.3(a)(2).

Under the Administrative Procedure Act, N.J.S.A. 52:14B-1 to -21, the ALJ conducts a hearing and issues a recommended report and decision containing recommended findings of fact and conclusions of law. N.J.S.A. 52:14B-10. The agency is the "primary factfinder" and has the "ultimate authority, upon a review of the record submitted by the ALJ[,] to adopt, reject or modify the recommended report and decision of the ALJ." N.J. Dep't of Pub. Advocate v. N.J. Bd. of Pub. Utils., 189 N.J. Super. 491, 507 (App. Div. 1983) (citing N.J.S.A. 52:14B-10(c)). "The agency head may reject or modify findings of fact, conclusions of law or interpretations of agency policy in the decision, but shall state clearly the reasons for doing so." N.J.S.A. 52:14B-10(c); see also N.J.A.C. 1:1-18.6(c). Where an agency head rejects a recommendation of an ALJ, the basis for rejection must be set forth with particularity, and new or modified findings must be supported by sufficient, competent and credible evidence in the record. N.J.S.A. 52:14B-10(c).

Corporal punishment constitutes "abuse" under N.J.S.A. 9:6-8.21(c)(4)(b) if it is excessive. The statute provides that a child is "abused or neglected" when his

physical, mental, or emotional condition has
been impaired or is in imminent danger of
becoming impaired as the result of the failure
of his parent . . . to exercise a minimum
degree of care . . . in providing the child
with proper supervision or guardianship, by
unreasonably inflicting or allowing to be
inflicted harm, or substantial risk thereof,
including the infliction of excessive corporal
punishment[.]

[N.J.S.A. 9:6-8.21(c)(4).]

What constitutes excessive corporal punishment is "fact-sensitive." N.J. Div. of Youth & Family Servs. v. P.W.R., 205 N.J. 17, 33 (2011). The Division bears the burden of proving a child is abused or neglected by a preponderance of the evidence. N.J.S.A. 9:6-8.46(b).

Here, the Assistant Commissioner's finding of excessive corporal punishment was based on two factual findings. First, that C.I.'s injury was severe, and, second, that A.I. had engaged in a pattern of excessive corporal punishment. There was, however, insufficient evidence in the record to support either of those findings.

During the hearing, neither the detective nor the Division caseworker testified as to how many times C.I. had been struck and whether similar incidents have occurred in the past. Specifically, the detective stated that he could not recall the details of the investigation and the Division worker did not directly interact

with A.I. and his family. Instead, the Division relied on documents submitted into evidence, including a video recording of C.I.'s interview with the detective.

During that interview, C.I. told the detective his father hit him five or ten times and he had used corporal punishment in the past. "[P]revious statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence; provided, however, that no such statement, if uncorroborated, shall be sufficient to make a fact finding of abuse or neglect." N.J.S.A. 9:6-8.46(a)(4). Here, there was no corroborating evidence to support C.I.'s statement to the detective.

During the hearing, the detective testified that C.I.'s bruise was not a deep wound and he was not overly concerned about the bruise. Indeed, A.I. was not criminally charged. The Division caseworker who testified at the hearing did not observe C.I.'s bruise. Instead, she based her testimony on a photograph taken by another investigator. While the Division caseworker who testified opined that C.I.'s injury was severe, that testimony was not supported by first-hand knowledge or independent evidence. Moreover, the Division did not submit any medical record because C.I. did not receive any medical care for his bruise. As such, there was no credible evidence in the record establishing that C.I.'s injury was severe.

In addition, the detective did not testify to whether there were previous instances of corporal punishment because he could not recall the details of the investigation. The Division caseworker testified that based on a report prepared by a Division investigator, A.I.'s other children said that A.I. had struck them with the same electrical cord in the past. In an administrative proceeding, hearsay evidence is generally admissible. N.J.R.E. 101(a)(3); N.J.A.C. 1:1-15.5(a). "Notwithstanding the admissibility of hearsay evidence, some legally competent evidence must exist to support each ultimate finding of fact to an extent sufficient to provide assurance of reliability and to avoid the fact or appearance of arbitrariness." N.J.A.C. 1:1-15.5(b).

Here, besides the hearsay statements made by A.I.'s other children, there is no other evidence supporting the finding that A.I. had used corporal punishment in the past. Further, at the hearing, one of A.I.'s other sons testified that there were no prior instances of corporal punishment. A.I. also denied that he had hit any of his children in the past. As such, there was insufficient evidence supporting the finding that there had been a pattern of corporal punishment.

In summary, we have a record where the ALJ made factual findings and concluded that the Division had not carried its burden to substantiate abuse. The Assistant Commissioner rejected the

11                                                    A-4838-14T4

ALJ's factual findings, but found facts that were not supported by credible evidence in the record. Thus, a preponderance of the evidence in the record does not support a finding of abuse.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4838-14T4