920 A.2d 731 (2007)
392 N.J. Super. 334
John T. PAFF, Claimant-Appellant,
v.
NEW JERSEY DEPARTMENT OF LABOR, Respondent-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 2007.
Decided April 24, 2007.
*733 Richard Gutman, Montclair, argued the cause for appellant.
Ellen A. Reichart, Deputy Attorney General, argued the cause for respondent Department of Labor (Stuart Rabner, Attorney General of New Jersey, attorney; Michael J. Haas, Assistant Attorney General, of counsel; Ms. Reichart, on the brief).
Meaghan Tuohey-Kay, argued the cause for respondent New Jersey Government Records Council (Trenk-DiPasquale, attorneys, West Orange; Ms. Tuohey-Kay, of counsel; Barry J. Roy, on the brief).
Before Judges WEFING, PARKER and MESSANO.[1]
The opinion of the court was delivered by
PARKER, J.A.D.
Claimant John T. Paff appeals from two final decisions of the Government Records Council (GRC) releasing documents requested from the Department of Labor (DOL) pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13.
The chronology begins in October 1997 when the DOL obtained a judgment of debt against Gladys Garbin for $1,364.98 in State unemployment and disability taxes, $299.74 in interest and $100 in penalties. The total amount due was $1,764.72. Garbin paid $2,150.27 (including interest and collection fees) on January 26, 1999. On June 21, 2003, claimant made a request for all DOL records regarding the judgment against Garbin pursuant to OPRA. On June 25, 2003, DOL filed a warrant of satisfaction of the debt in Superior Court.
DOL initially denied claimant's request, except for redacted copies of the judgment and the warrant, which were publicly filed in Superior Court. The GRC dismissed the complaint on the ground that the records *734 in question were confidential because they contained confidential wage and tax information. N.J.S.A. 43:21-11(g). That decision was appealed and, in a published opinion, we reversed after finding that the GRC misapplied N.J.S.A. 43:21-11(g). Paff v. N.J. Dep't. of Labor, 379 N.J.Super. 346, 878 A.2d 31 (App.Div.2005). We remanded the matter for the GRC "to determine whether the records included in the file fall within the proper scope of the exemption provided in N.J.S.A. 43:21-11(g) or the DOL's regulations." Id. at 358, 878 A.2d 31.
After the remand, the GRC rendered a decision on October 18, 2005, stating that it had completed an in camera inspection of six unredacted documents submitted by the DOL for GRC review. The GRC concluded that a majority of the information in the documents was confidential pursuant to N.J.S.A. 43:21-11(g) and N.J.A.C. 12:15-2.1 to -2.4. The GRC then ordered the department to release the six documents after redacting all information it found to be confidential.
After the DOL received the GRC's October 18, 2005 decision, the DOL noted that the GRC did not rule on a letter dated September 1, 1999 from Garbin to the Division of Unemployment Insurance, and a letter dated March 10, 1999 from the Passaic County Sheriff to the Division of Unemployment Insurance. The DOL requested that the GRC consider these documents and advise whether they should be released under OPRA. The GRC released the March 10, 1999 letter because it was a public document. The September 1, 1999 letter was released after confidential information was redacted. The GRC then asked the DOL to make a final inspection to determine whether there were any other documents pertaining to Garbin's account. An additional document dated August 17, 2000 addressed to Garbin was located. The GRC reviewed the August 17, 2000 letter and released it after redacting confidential information.
In this appeal, claimant argues:
POINT ONE
GRC ERRED BY AGAIN PERMITTING DOL TO WITHHOLD INFORMATION NOT "OBTAINED FROM EMPLOYERS AND EMPLOYEES"
A. DOL and GRC defied this court's ruling that N.J.S.A. 43:21-11(g) exempts from disclosure only information "obtained from employers and employees"
B. DOL regulations, as expressly authorized by the statute, regulate the disclosure of employer and employee information during the administration of the unemployment laws; they do not exempt non-employer and non-employee information from disclosure to Paff under OPRA
C. This court should order disclosure because DOL has repeatedly failed to satisfy its burden of proof
POINT TWO
GRC ERRED BY FAILING TO AUTHORIZE DISCOVERY REGARDING DOL'S DESTRUCTION OF RECORDS SOUGHT AND TO REQUIRE THE RECONSTRUCTION OF DESTROYED RECORDS
POINT THREE
GRC ERRED BY ENGAGING IN AN EX PARTE COMMUNICATION OF A FALSE CERTIFICATION
Claimant maintains that the GRC did not apply the correct legal standard in reviewing the requested documents after the remand, in that the GRC did not require the DOL to produce: (1) the DOL's August 17, 2000 letter to Garbin confirming a warrant of satisfaction would be issued; (2) the collection history; (3) Garbin's DOL registration number and employer contribution rates; (4) the court *735 judgment certificate of debt entered against Garbin; (5) the judgment certificate of the debt docket; (6) information about the judgment certificate of debt generated by the court; and (7) information regarding a conversation between the DOL and the employer. Claimant contends that the redacted or withheld information was generated by the DOL or the court, not information obtained from the employer or employees, which is exempt from disclosure under N.J.S.A. 43:21-11(g).
The GRC responds that it followed the remand instructions; it conducted an in camera review of the documents produced by the DOL and properly redacted the documents pursuant to N.J.S.A. 43:21-11(g). The GRC contends that claimant's allegations are "pure speculation," and explains why each of the documents reviewed in camera was redacted. That information should have been included in the decisions rendered on October 13 and November 10, 2005, however, rather than the responding brief on appeal.
In October 2004, the State Division of Records and Archives had authorized the "Division of Employer Accounts to destroy all of its paper documents for periods prior to the third quarter of 1998."
Claimant now argues that the DOL engaged in routine document destruction after his initial requests but failed to preserve the documents he requested. Moreover, the DOL failed to provide a sworn certification listing the documents that were destroyed or stating that the requested documents were still intact. Claimant now seeks discovery of the facts surrounding the alleged destruction of requested records. He further seeks to have the DOL reconstruct all relevant records destroyed after he filed his complaint.
The GRC responds, stating that "there are no other existing records for the time period requested by Paff concerning Garbin's employer account which can be used to reconstruct any of the documents alleged to exist by Paff." That may be so, but statements made by counsel in briefs are not an adequate substitute for sworn statements made by parties.
Our scope of review of administrative decisions is narrowly circumscribed. In re Taylor, 158 N.J. 644, 656, 731 A.2d 35 (1999). Our role is to determine "`whether the findings made could reasonably have been reached on sufficient credible evidence present in the record' considering `the proofs as a whole'" and "with due regard to the opportunity of the one who heard the witnesses to judge of their credibility." Ibid. (quoting Close v. Kordulak Bros., 44 N.J. 589, 599, 210 A.2d 753 (1965)). We "may not `engage in an independent assessment of the evidence. . . .'" Taylor, supra, 158 N.J. at 656, 731 A.2d 35 (quoting State v. Locurto, 157 N.J. 463, 471, 724 A.2d 234 (1999)). We give great deference to administrative decisions. State v. Johnson, 42 N.J. 146, 159, 199 A.2d 809 (1964), and we will accord a strong presumption of reasonableness to the decision of an administrative agency, Smith v. Ricci, 89 N.J. 514, 525, 446 A.2d 501 (1982). We do not, however, simply rubber stamp the agency's decision. Henry v. Rahway State Prison, 81 N.J. 571, 579-80, 410 A.2d 686 (1980). An administrative decision will be reversed only when it is found to be "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Ibid.
Counsel for the DOL represented to us at oral argument that the agency is in the process of adopting regulations governing release of documents to the public. The new regulations are designed to address *736 document requests such as those filed by claimant.
Given our scope of review and the representations made by the DOL and GRC, we are satisfied that the GRC and the DOL have now produced all of the requested non-confidential information still in existence. With respect to future requests, however, the agency to which the request is made shall be required to produce sworn statements by agency personnel setting forth in detail the following information:
(1) the search undertaken to satisfy the request;
(2) the documents found that are responsive to the request;
(3) the determination of whether the document or any part thereof is confidential and the source of the confidential information;
(4) a statement of the agency's document retention/destruction policy and the last date on which documents that may have been responsive to the request were destroyed.
The sworn statement shall have appended to it an index of all documents deemed by the agency to be confidential in whole or in part, with an accurate description of the documents deemed confidential. Paff maintains that "the indexes [sic] provided by the [DOL] do not state whether the information contained therein was obtained from Garbin or one of her employees." The DOL responds that "[t]he indexes' [sic] description of each document . . . is irrelevant." We disagree. The index is essentially a "privilege log" that must provide sufficient information "respecting the basis of the privilege-confidentiality-exception claim vis a vis each document." Hartz Mountain Indus., Inc. v. N.J. Sports & Exposition Auth., 369 N.J.Super. 175, 185, 848 A.2d 793 (App. Div.), certif. denied, 182 N.J. 147, 862 A.2d 56 (2004). An accurate index is necessary for substantive review by the requesting party as well as the reviewing court.
After its in camera review, the GRC shall then produce the following to the requesting party:
(1) the redacted or unredacted documents responsive to the request;
(2) sworn statement provided by the agency with the index or "privilege log" appended thereto; and
(3) the minutes of the meeting at which the documents were reviewed in camera reflecting its explanation for all redactions or withheld documents.
With these directives for prospective rulings by the GRC, we affirm the decisions rendered on October 13 and November 10, 2005.
Affirmed.
NOTES
[1] Judge Messano did not participate in oral argument. However, with the consent of counsel he has joined in this opinion. R. 2:13-2(b).